ELEANOR GORDON and others v. T. D. PENDLETON, Guardian of the minor heir of D. P. Brite.

### Will—Lapsed Devise.

Where a devisee dies in the lifetime of the devisor, the devise lapses, except where he is the *lineal* descendant of the devisor; and in such case the issue of the devisee will take.

(*Scales* v. *Scales*, 6 Jones Eq., 163, cited and approved.)

CIVIL ACTION .pending in PASQUOTANK Superior Court and heard by consent at Washington, Beaufort county, on the 10th of December, 1880, before *Schenck, J.* .

Mary Temple died in 1879, leaving a last will and testament, executed in 1866, wherein she devised the tract of land on which she lived to her son George for life with remainder to his children living at his death or the issue of such, and in the event of his death without a child or the issue of such, she devised the same tract to her brother, David P. Brite in fee. Both of the devisees died in the lifetime of the testatrix ; her son, the said George, without a child or children or the issue of such, and the said David P. Brite, leaving an only child, who is the defendant in this action. The plaintiffs and defendant are the heirs at law of the testatrix.

Upon these facts, set out in a case agreed, it was submitted to the court below, whether the said devise to David P. Brite lapsed on his death in the lifetime of the devisor; and on consideration thereof the court held that the devise lapsed and the land descended to the heirs at law of the devisor, from which judgment the defendant appeals to this court.

*Mr. C. W. Grandy,* for plaintiffs.
No counsel for defendant.

DILLARD, J. The only question made upon this transcript of the record in the case is, whether the devise to David P. Brite, a brother of the devisor, lapsed or became void on his death in the lifetime of the testatrix, or vested an estate which passed to the defendant, his only child and heir at law.

We concur in the opinion of the court below. It is undoubtedly the rule that a devise lapses whenever the devisee dies in the lifetime of the devisor. 1 Jarman on Wills, 304

and 305. And under the general rule, the estate on the death of Brite, anterior to the death of the testatrix, certainly went to her heirs general according to the canons of descent, unless by some statute, this case is made an exception.

An exception was made by our statutes, first, by enacting that in case of devise and bequest to a *child or children* and the devisee or legatee died in the lifetime of the testatrix, leaving issue, no lapse should take place, but that the estate should vest in the issue; and afterwards the exception was enlarged so as to save from lapse in case the gift were to a child or other issue, as per Rev. Code, ch. 119, § 28, which is the present law on the subject, and is brought forward in Battle's Revisal, ch. 45, § 111.

The exception created by statute, it will be noted, embraces only devises and bequests by a parent to a child or other more remote lineal descendant, but extends not to a collateral relation, and therefore the defendant stands under the general rule; and under that, no interest could pass to him, under the devise to his father, David P. Prite, who was a brother to the testatrix. *Scales* v. *Scales,* 6 Jones Eq., 163.

There is no error, and the judgment of the court below is affirmed. Let this be certified, &c.

No error.                                    Affirmed.